FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a Fannie Mae, Plaintiff,

v.

Teri PROWANT and Tamara Mitchell–Johnson, Defendants.

Civil Action No. 1:14–CV–3799–AT.

United States District Court, N.D. Georgia, Atlanta Division.

Signed Feb. 11, 2015.

Teresa Lynn Reuter, Sidley Austin LLP, Chicago, IL, Wendy Lazerson, Sidley Austin LLP, Palo Alto, CA, Scott Gilbert Blews, Taylor English Duma LLP, Atlanta, GA, for Plaintiff.

C. Andrew Head, Jerilyn Elaine Gardner, Fried & Bonder, LLC, Atlanta, GA, for Defendants.

## ORDER

AMY TOTENBERG, District Judge.

This case was being arbitrated until the Federated National Mortgage Association ("Fannie Mae"), respondent in arbitration, filed a declaratory judgment action and became the Plaintiff in federal court. Fannie Mae, Respondent–*cum*–Plaintiff in this Court, has submitted a motion to file a swath of documents under seal [Doc. 24]. This motion asks the Court to recognize that "[c]onfidentiality is a legitimate and frequently fundamental principle underlying parties' agreements to arbitrate." The Court recognizes that. But Plaintiff has chosen to leave the protective shroud of arbitration and has come to this Court seeking a public declaration of its rights. And in this Court, confidentiality of proceedings is the exception, not the rule. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir.2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is in-

strumental in securing the integrity of the process.").

Currently before the Court are two such Motions to File Documents Under Seal [Docs. 20, 24] submitted to the Court for in camera review. Accompanying those motions were various documents Plaintiff seeks to be filed under seal.[1] The documents contain substantive arguments made by each side in the arbitration upon which this declaratory judgment action is based. Defendants would like to use some of the documents to support both their Response [Doc. 15] to Plaintiff's Motion for Summary Judgment and the counterclaims included in their Answer [Doc. 19]. Plaintiff would like to use some of the documents to support its summary judgment Reply [Doc. 23].

None of the documents apparently was garnered in discovery. Instead, the documents are offered to provide context as to what happened in the current and a prior arbitration proceeding. As the submitted documents have been "filed in connection with pretrial motions that require judicial resolution of the merits," the common-law right of access attaches to those documents. *Chicago Tribune*, 263 F.3d at 1312–13. "Not unlike the Rule 26 standard, the common-law right of access requires a balancing of competing interests." *Id.* at 1311 (citing *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983)). Indeed, the common-law right to "documents filed in connection with [a] motion for summary judgment may be resolved by the Rule 26 good cause balancing test." *Id.* at 1313.

Rule 26 allows a court to enter a protective order rendering documents or portions thereof unavailable to the public after a showing of good cause. Good cause is determined by balancing the public's "interest in obtaining access" against the "party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir.2001); *see also In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1363 (N.D.Ga. 2002) (quotation and citation omitted) (stating that while it is often a third party that challenges a protective order, "even where no third party challenges a protective order, the judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."). "The historic presumption of access to judicial records must be considered in the balance of competing interests." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983).

Plaintiff has failed to show good cause why the documents presented to the Court should be sealed. Plaintiff's main argument in support of its interest in confidentiality is that the parties agreed, through a Dispute Resolution Policy ("DRP") (Doc. 6–1), that "[t]he entire arbitration proceeding, including all statements, documents, evidence, and the Award, is confidential."[2] (*Id.* at 6.) However, as alluded to in the Court's guidelines, (Doc. 4), and explained by multiple courts, mere agreement by the parties that documents should be designated as confidential does not automatically satisfy the Rule 26(c) good cause standard. *See* (Doc. 4 at 21); *Chicago Tribune*, 263 F.3d at 1313; *CBS*, 184 F.Supp.2d at 1362

---

1. Though Defendants filed one of the motions and some of the documents, they do not believe a seal is warranted.

2. The parties disagree about whether the documents at issue here fall into one of dispute resolution policy's exceptions to confidentiality, but the Court need not resolve that question for the reasons stated *infra*.

(N.D.Ga.2002) ("calling a document confidential does not make it so in the eyes of the court; these consensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.' "). Party agreement alone does not supply an interest in confidentiality sufficient to outweigh the public's right to access to the material upon which a public decision on the merits is founded.

█ Significantly, not only did Plaintiff file this action in federal court as opposed to arbitrating the issues presented in its Complaint, but Plaintiff itself also filed some of the documents it contends are confidential. "The assumption is that one voluntarily foregoes confidentiality when one submits material for dispute resolution in a judicial forum. There is no voluntariness, of course, where one's adversary submits the presumptively confidential material." *Chicago Tribune*, 263 F.3d at 1315 n. 15.

It is also worth noting that public filing of these documents is not "sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage," *Newman*, 696 F.2d at 803 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–603 n. 11, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)), nor is any right to a fair trial in jeopardy. *Id.* at 803. Accordingly, with regard to the documents Plaintiff itself submitted, Plaintiff has not shown good cause for placing any of them under seal.

Plaintiff's additional arguments, even as applied to documents submitted by Defendants, are no more availing. It borders on the absurd for Plaintiff to argue that there is good cause for the documents to be sealed because parties frequently choose arbitration for the confidentiality it affords. That statement simply points to one very good reason for Plaintiff to have continued in its chosen arbitration forum. The public's interest in access to the material is significant, and Plaintiff has not pointed to any reason—outside of its arbitration dispute resolution policy and the policies underlying a choice to arbitrate—why the public's interest is outweighed. Plaintiff has not pointed to any trade secrets, personal identifying information, or sensitive commercial information in the documents, nor argued that public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Under the Rule 26 good cause balancing test—as used by the Eleventh Circuit in these particular circumstances—Plaintiff's interest, if any, is outweighed.

Of course, none of these documents is yet on the record, so this Order **DENYING** both motions [Docs. 20, 24] will have no direct effect on what becomes public information. That is, in order for any of these documents to become part of the record, they must first be filed. And even though the Court strains to see the relevance of some of the submissions, others, without passing judgment on the contents thereof, appear to provide the Court with useful procedural context. They are all welcome to be filed on the public record; none may be filed under seal.

**IT IS SO ORDERED.**